# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-15-00451-CV
---

Angela Brooks-Brown, Appellant

v.

USAA Texas Lloyd's Company, Appellee

---
FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
NO. 272,693-B, HONORABLE JACK WELDON JONES, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

Appellant Angela Brooks-Brown sued her homeowner's insurer, USAA Texas Lloyd's Company (USAA), in connection with her claims for fire and hail loss at her property in Bell County. In part, Brooks-Brown contended that USAA's payment for loss was insufficient, and she demanded an appraisal of the claims. After the parties' respective appraisers failed to agree on the scope and amount of loss, USAA filed a motion to have an umpire appointed for the appraisal of the claims. USAA also filed an application for temporary injunction, asking the court to enjoin Brooks-Brown from proceeding in a subsequent suit filed by Brooks-Brown in Jefferson County.[1] The trial court granted USAA's motion for an umpire and entered a temporary injunction requiring that the umpire's appraisal be completed within 30 days. The temporary injunction also enjoined

---

[1] According to the parties, Brooks-Brown filed a second petition in Jefferson County, Texas, asking that trial court to appoint an umpire in the appraisal.

Brooks-Brown from proceeding in her lawsuit in Jefferson County or pursuing the appointment of an umpire in any other court until "the insurance appraisal at issue has been completed" and the "[c]ourt has received [a] joint report informing it of such."

Brooks-Brown subsequently filed this interlocutory appeal, seeking to challenge the trial court's temporary injunction. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4). USAA has now filed a motion to dismiss the appeal as moot because the appraisal has been completed and payment has been tendered. Further, USAA explains that the parties have submitted a joint status report to the trial court, notifying the court that "the appraisal proceeding has been completed and therefore the injunction expire[d] by its own terms."

The mootness doctrine dictates that courts avoid rendering advisory opinions by only deciding cases that present a "live" controversy at the time of the decision. *Texas Health Care Info. Council v. Seton Health Plan*, 94 S.W.3d 841, 846 (Tex. App.—Austin 2002, pet. denied). "A case becomes moot when: (1) it appears that one seeks to obtain a judgment on some controversy, when in reality none exists; or (2) when one seeks a judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy." *Id*. The temporary injunction at issue in this case expired by its own terms when the appraisal was completed and the trial court was notified of the appraisal status. As a result, the controversy underlying this appeal—whether the grant of the injunction was proper—has become moot. *See National Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999) (when injunction becomes inoperative due to passage of time, issue of its validity becomes moot); *see also Bertram v. Bistrup*, No. 03-05-00333-

2

CV, 2009 WL 1099249, at *7 (Tex. App.—Austin Apr. 22, 2009, no pet.) (mem. op.) (concluding that appeal of injunction had become moot when challenged portion expired by its own terms).

Brooks-Brown has filed a response to USAA's motion to dismiss. In her response, Brooks-Brown does not dispute that the terms of temporary injunction have been satisfied and that the injunction expired by its own terms. Instead, Brooks-Brown argues that even if her claims on appeal are moot, they fall under the "capable of repetition, yet evading review" exception to the mootness doctrine. Specifically, Brook-Brown argues (1) that "this appeal was of such short duration that it could not be reviewed before the appeal became moot" and (2) that there are other cases pending which "involve[] policies that contain appraisal language that is identical to the appraisal language contained in the policy at issue in this appeal" and in those cases counsel intends to ask courts located outside of the counties in which those properties are located to appoint umpires for appraisal proceedings.

The "capable of repetition, yet evading review" exception applies only in rare circumstances. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). "To invoke the exception, a plaintiff must prove that: (1) the challenged action was too short in duration to be litigated fully before the action ceased or expired; and (2) a reasonable expectation exists that the same complaining party will be subjected to the same action again." *Id.* That is, there must be a "demonstrated probability" that the same controversy will recur. *Coburn v. Moreland*, 433 S.W.3d 809, 825-26 (Tex. App.—Austin 2014, no pet.). Assuming without deciding that the challenged temporary injunction was too short in duration to be fully litigated, we conclude that Brooks-Brown has failed

to demonstrate any probability that she personally—as opposed to plaintiffs in other unidentified lawsuits—will be subjected to the same restrictions in the future.

Because there is no live controversy between the parties concerning the validity of the temporary injunction, and because the "capable of repetition, yet evading review" exception does not apply, we conclude that the appeal is moot. Consequently, we grant USAA's motion and dismiss the appeal for want of jurisdiction.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Dismissed for Want of Jurisdiction

Filed:   November 17, 2015